IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MARIE LoCONTE )
Plaintiff, )
)
v. )
)
COMMONWEALTH RECEIVABLES, INC. )
and CHAD E. GOLDSTONE, )
Defendants. )

05 11571 GAO

MAGISTRATE JUDGE Sorokin

RECEIPT # 06589
AMOUNT $ 250
SUMMONS ISSUED 4/25
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7/27/05

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"); the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the Massachusetts Banking Commissioner's and Massachusetts Attorney General's Regulations promulgated thereunder, 209 C.M.R. 18.00 and 940 C.M.R. 7.00, respectively; and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Attorney General's General Regulations promulgated thereunder, 940 C.M.R. 3.00, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices, and for Defendants' fraud and conversion of Plaintiff's vehicle.

### JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

### PARTIES

3. Plaintiff, Marie LoConte, is a natural person residing in Taunton, Massachusetts.

4. Defendant Commonwealth Receivables, Inc. (hereafter "Commonwealth") is a Massachusetts corporation with a place of business in Watertown, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.

5. On information and belief, Commonwealth buys charged-off debts in bulk from prior assignees of the original creditors after default for a small percentage of the amount of the debts.

6. On information and belief, Commonwealth attempts to collect the full face amount of the debts from consumer debtors in Massachusetts through the use of collection letters, lawsuits in the small claims courts throughout Massachusetts and the seizure of consumers' vehicles pursuant to post-judgment writs of execution.

7. Commonwealth regularly attempts to collect debts owed or due or asserted to be owed or due others.

8. Commonwealth uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts.

9. Commonwealth is a debt collector as that term is defined in FDCPA § 1692a(6).

10. On information and belief, by at least on or after February 24, 2004, Commonwealth was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

11. On information and belief, at all relevant times, Commonwealth was not licensed as a debt collector with the Massachusetts Division of Banks.

12. Defendant Chad E. Goldstone (hereafter "Goldstone") is a natural person and is the president, treasurer, secretary, sole director and, on information and belief, sole stockholder

of Commonwealth.

13. Goldstone regularly attempts to collect debts owed or due or asserted to be owed or due others.

14. Goldstone uses instrumentalities of interstate commerce or the mails in a business in Massachusetts the principal purpose of which is the collection of consumer debts.

15. Goldstone is a debt collector as that term is defined in FDCPA § 1692a(6).

16. On information and belief, by at least on or after February 24, 2004, Goldstone was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

17. On information and belief, at all relevant times, Goldstone was not licensed as a debt collector with the Massachusetts Division of Banks.

18. On information and belief, Goldstone determines, directs and implements the policies and procedures used by Commonwealth, including those described below.

19. On information and belief, there is unity of interest and ownership between Commonwealth and Goldstone such that they are essentially the same personality and Commonwealth is the alter ego of Goldstone.

20. On information and belief, Defendant Commonwealth is inadequately capitalized, does not observe corporate formalities, does not pay dividends, lacks sufficient corporate records, has no functioning directors and has only one person, Goldstone, in the position of its officers, who does not function as such. On information and belief Defendant Commonwealth's dominant shareholder, Goldstone, siphons away the corporate assets and uses the corporation in promoting fraud.

21. Honoring the corporate separateness of Commonwealth would promote fraud or

create injustice and justice requires disregarding the corporate form of Commonwealth.

22. Defendants represent to the public, through information listed with the Massachusetts Secretary of the Commonwealth, that Defendant Goldstone's address is 45A Flanagan Drive, Framingham, Massachusetts.

23. In fact, on information and belief, Goldstone has not been at that address since approximately mid-2004.

24. Baystate Constables, Inc. (hereafter "Baystate") is a Massachusetts corporation with a place of business in Chelmsford, Massachusetts.

25. On information and belief, at all relevant times, Baystate was required by M.G.L. ch. 93 §§ 24-28 to be licensed as a debt collector with the Massachusetts Division of Banks in order to collect debts within Massachusetts.

26. On information and belief, at all relevant times, Baystate was not licensed in the Commonwealth of Massachusetts to collect debts within Massachusetts.

27. On information and belief, Defendants knew or had reason to know that Baystate was not licensed to collect debts within Massachusetts.

28. Baystate at all relevant times was not, and, because it is a corporation, could not be, a constable of any Massachusetts municipality, including but not limited to the City of Taunton and the Town of Chelmsford.

29. At all relevant times, Baystate was the agent of Defendants acting within the scope of its agency.

## FACTUAL ALLEGATIONS

30. On information and belief, on March 9, 2004, Defendants obtained a default judgment against Plaintiff for $1,326.75, including costs and prejudgment interest, in a lawsuit in

the Small Claims division of the Brockton District Court (hereafter "small claims lawsuit") involving an alleged debt.

31. On information and belief, at no time did Defendant Commonwealth obtain any court order in the small claims lawsuit awarding it post-judgment costs against Plaintiff.

32. On June 4, 2004, a writ of execution was issued in the small claims lawsuit.

33. On or about June 4, 2004, Defendants filed a Motion to Appoint Special Process Server (hereafter "special process server motion") in the small claims lawsuit. A copy of that motion is attached hereto as **Exhibit 4**.

34. The special process server motion contains no certificate of service and Plaintiff never received a copy of this motion.

35. The special process server motion states that the proposed special process server is "disinterested in this action" and if a special process server is appointed "to levy the execution," "process may be served at great savings in time and costs."

36. In support of the special process server motion, Defendants filed the affidavit of Defendant Goldstone. A copy of Goldstone's affidavit is attached hereto as **Exhibit 5**.

37. In his sworn affidavit at ¶ 3, Defendant Goldstone swears that the proposed special process server is "disinterested in this action."

38. In his sworn affidavit at ¶ 4, Defendant Goldstone swears that, by appointing the special process server to levy the execution, "process may be served at great savings in time and costs to both parties."

39. Defendants hired their agent, Baystate, to seize Plaintiff's vehicle.

40. Baystate routinely charges judgment debtors amounts grossly in excess of the statutory maximums allowed in connection with seizures such as in Plaintiff's case.

41. Defendants knew, at the time they filed the special process server motion and supporting affidavit, that Baystate routinely charges judgment debtors amounts grossly in excess of the statutory maximums allowed in connection with seizures such as in Plaintiff's case.

42. After approval of the special process server motion, Defendants caused Plaintiff's Ford automobile to be seized by Baystate on or about July 28, 2004.

43. In the course of the seizure of Plaintiff's vehicle, three agents of Baystate came to Plaintiff's door around midnight dressed in uniforms, displayed a badge and threatened her with a billy club in order to intimidate her into complying with their seizure of her vehicle.

44. The next day, Baystate told Plaintiff that she would have to pay $1,600 in cash to get her vehicle back, and if she did not, she would be charged storage fees of $100 per day.

45. Baystate also told Plaintiff that Baystate had a right to seize her vehicle, that Baystate had done so because Plaintiff had broken the law and that if Plaintiff did not pay the $1,600, Baystate would come to her home every day, take her furniture and other possessions, clear out her home and put a bolt on her door.

46. Baystate told Plaintiff that $800 of the $1,600 was a "constable fee" which Baystate was keeping and that Baystate would pay the remainder to Commonwealth Receivables.

47. Plaintiff had to go from Taunton to Hanover to borrow money from a friend in order to pay the $1,600 to Baystate, and then to Baystate's office in Chelmsford to pay in cash.

48. Plaintiff paid $1,600 to Baystate and received a receipt that described Defendant Baystate as "Constables Office." A copy of this receipt is attached hereto as **Exhibit 1**.

49. Baystate also gave Plaintiff a receipt for the payment of $800 to Commonwealth Receivables. A copy of this receipt is attached hereto as **Exhibit 2**.

50. On information and belief, Baystate kept $800 of Plaintiff's $1,600.

51. Exhibit 1, Baystate's receipt, states that the "Amount of Account" was $1,600.

52. In fact the amount of the execution, including post-judgment interest was only $1,364.70.

53. After Plaintiff had paid Baystate $1,600, Plaintiff had to go to Whitman and then East Bridgewater and pay an additional $158 for towing and storage in order to retrieve her vehicle. A copy of the receipt for this payment is attached hereto as **Exhibit 3**.

54. In fact, pursuant to Massachusetts law, the most a real constable could charge for seizure of the Plaintiff's vehicle under the above-described circumstances would have been $36, based the recovery of $800 toward the judgment.

55. Pursuant to Massachusetts law, no post-judgment costs are chargeable to Plaintiff.

56. The execution filed by Defendants with the small claims court had no officer's attestation, no return and no way to determine the person claiming to have had statutory authority to seize Plaintiff's vehicle. A copy of the execution Defendants filed with the small claims court is attached hereto as **Exhibit 6**.

57. On or about February 28, 2005, Plaintiff filed a motion to vacate the judgment in the small claims lawsuit, which the court scheduled for a hearing on April 19, 2005, and gave notice to Defendants.

58. On or about March 2, 2005, Defendants faxed a letter to the small claims court stating that the small claims lawsuit was "paid in full" and had been dismissed by them. A copy of this letter is attached hereto as **Exhibit 7**.

59. On information and belief, Defendants' March 2, 2005 letter was an attempt to prevent Plaintiff's motion to vacate the judgment in the small claims lawsuit.

60. On or about March 7, 2005, based on Defendants' March 2, 2005 letter, the small

claims court canceled Plaintiff's motion to vacate and hearing thereon and "inactivated" the small claims lawsuit.

61.   Plaintiff's motion to vacate ultimately was reinstated and heard, and on or about April 20, 2005, the judgment in the small claims lawsuit was vacated and Defendant Commonwealth's action was dismissed with prejudice.

62.   Defendants have since failed to return to Plaintiff the amounts she has paid.

63.   Defendants are liable for the actions of Baystate, their agent.

## COUNT I — FDCPA

64.   Plaintiff realleges paragraphs 1 through 63 above.

65.   Plaintiff is a consumer as that term is defined in FDCPA § 1692a(3).

66.   The alleged debt was a debt as that term is defined in FDCPA § 1692a(5).

67.   Defendants and Defendants' agent Baystate have violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a.   Hiring Baystate to seize Plaintiff's vehicle, in violation of FDCPA § 1692f;

   b.   Passing on Defendants' costs for the seizure of Plaintiff's vehicle to Plaintiff when Defendants were not authorized by law to do so, in violation of FDCPA §§ 1692e, 1692e(2)(A), 1692e(10), 1692f and 1692f(1);

   c.   Filing an execution with the small claims court without a return and with no officer's attestation, in violation of FDCPA § 1692f;

   d.   Attempting to prevent Plaintiff's motion to vacate the judgment in the small claims lawsuit, in violation of FDCPA § 1692f;

   e.   The threat of the use of violence, in violation of FDCPA § 1692d(1);

    f.    False and misleading representations or implications that Baystate and its agents are vouched for, bonded by or affiliated with the Commonwealth of Massachusetts, the City of Taunton or the Town of Chelmsford, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

    g.    False and misleading representations or implications that Baystate and its agents are constables and/or a constable office, in violation of FDCPA §§ 1692e, 1692e(1) and 1692e(10);

    h.    Communicating with Plaintiff after 9:00 p.m., in violation of FDCPA § 1692c(a)(1) and 1692d;

    i.    False and misleading representations as to the character, amount and legal status of the debt, in violation of FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10);

    j.    False and misleading representations as to services rendered or compensation which may be lawfully received for the collection of a debt, in violation of FDCPA §§ 1692e, 1692e(2)(B) and 1692e(10);

    k.    False and misleading representations or implications that nonpayment of a debt will result in the sale of Plaintiff's vehicle when such action was unlawful or not intended, in violation of FDCPA § 1692e, 1692e(4) and 1692e(10);

    l.    Use of a written communication which is falsely represented to be a document authorized, issued, or approved by any court or official of the Commonwealth of Massachusetts, the City of Taunton or the Town of Chelmsford or which creates a false impression as to its source, authorization, or approval, in violation of FDCPA §§ 1692e, 1692e(9) and 1692e(10);

    m.    False and misleading representations and implications that Baystate and/or

Defendants are entitled to seize or request seizure or hold or request holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

n. False and misleading representations and implications that Baystate is entitled to come to Plaintiff's home, take her furniture and other possessions, clear out her home and put a bolt on her door and that Plaintiff had broken the law, in violation of FDCPA §§ 1692e and 1692e(10);

o. False and misleading representations and implications that Baystate and/or Defendants are entitled to collect any amount for the seizure or holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

p. False and misleading representations and implications that Baystate and/or Defendants are entitled to collect the amount they collected for the seizure and holding of Plaintiff's vehicle, in violation of FDCPA §§ 1692e and 1692e(10);

q. Collection of an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of FDCPA §§ 1692f and 1692f(1);

r. The threat to take action which cannot legally be taken, in violation of FDCPA § 1692e, 1692e(5) and 1692e(10);

s. False and misleading representations and implications that Defendants and/or Baystate are entitled to collect debts in the Commonwealth of Massachusetts, in violation of FDCPA §§ 1692e and 1692e(10);

t. Failing to clearly disclose the information required by FDCPA § 1692e and 1692e (11);

u. Use of any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the debt, in violation of FDCPA

§ 1692d;

  v. Use of false, deceptive or misleading representations or means in connection with the collection of the debt, in violation of FDCPA § 1692e; and

  w. Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

68. Plaintiff's FDCPA claims are based on Defendants' and/or Defendants' agent Baystate's actions and conduct occurring within one year of the date of the filing of her Complaint.

## COUNT II — MASSACHUSETTS DEBT COLLECTION ACT

69. Plaintiff realleges paragraphs 1 through 68 above.

70. Defendants are debt collectors, as that term is defined in M.G.L. ch. 93 § 24 and 209 C.M.R. 18.03.

71. On information and belief, at all relevant times, Defendants were assignees of the judgment debt, which they were attempting to collect.

72. By their actions and conduct described above, Defendants and/or Defendants' agent Baystate have failed to comply with and thereby violated the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Massachusetts debt collection laws, M.G.L. ch. 93 §§ 24-49, and regulations promulgated thereunder, including but not limited to: M.G.L. ch. 93 § 24 and 49; 209 C.M.R. §§ 18.04, 18.14(1)(a); 18.15, 18.15(1), 18.16, 18.16(1), (2)(a), (2)(b), (4), (5), (9), (10), (11) and (16), 18.17, 18.17(1) and (9); 940 C.M.R. 7.04(1)(d) and 7.07(2), (3), (5) and (6); thereby violating M.G.L. ch. 93A § 2.

73. Plaintiff has demanded relief from Defendants pursuant to M.G.L. ch. 93A § 9(3). Defendants provided no relief to the Plaintiff. Plaintiff's demand is attached hereto as **Exhibit 8**.

74. The conduct of the Defendants and/or Defendants' agent Baystate described above constituted a willful and knowing violation of the Massachusetts debt collection laws and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A § 2.

### COUNT III — MASSACHUSETTS CONSUMER PROTECTION ACT

75. Plaintiff realleges paragraphs 1 through 74 above.

76. In addition to Defendants' violations of the FDCPA described above, Defendants have further violated the FDCPA. Defendants' further violations include, but are not limited to, the following:

   a. False and misleading representations that the proposed special process server was disinterested in the small claims lawsuit, in violation of FDCPA §§ 1692e, 1692e(10) and 1692f;

   b. False and misleading representations that, if a special process server were appointed in the small claims lawsuit, process might be served at great savings in time and costs, in violation of FDCPA §§ 1692e, 1692e(10) and 1692f;

   c. False and misleading representations that, if a special process server were appointed in the small claims lawsuit, process might be served at great savings in time and costs to both parties, in violation of FDCPA §§ 1692e, 1692e(10) and 1692f;

   d. Filing a motion in the small claims lawsuit with false and misleading representations, in violation of FDCPA § 1692f;

   e. Filing an affidavit in the small claims lawsuit with false and misleading representations, in violation of FDCPA § 1692f; and

   f. Failure to serve a copy of the special process server motion in the small claims lawsuit, in violation of FDCPA § 1692f.

77. The actions and conduct of Defendant and/or Defendants' agent Baystate described above constitute unfair and deceptive acts and practices under the Massachusetts Consumer Protection Act, in violation of M.G.L. ch. 93A § 2 and 940 CMR 3.16(1), (3) and (4).

### COUNT IV — COMMON LAW FRAUD

78. Plaintiff realleges paragraphs 1 through 77 above.

79. Defendants' and/or Defendants' agent Baystate's misrepresentations described above were of material fact.

80. The above-described misrepresentations were made willfully and maliciously.

81. Defendants and/or Defendants' agent Baystate made the above-described misrepresentations of material facts with full knowledge or reason to know of their falsity.

82. Defendants and/or Defendants' agent Baystate intended that Plaintiff rely upon the above-described misrepresentations and made them for the purpose of inducing Plaintiff to act upon them.

83. Plaintiff did justifiably rely and act upon the above-described misrepresentations by Defendants and/or Defendants' agent Baystate.

### COUNT V — CONVERSION

84. Plaintiff realleges paragraphs 1 through 83 above.

85. On information and belief, Defendants and/or Defendants' agent Baystate had no right to seize or hold Plaintiff's vehicle.

86. Defendants and/or Defendants' agent Baystate had no right to require Plaintiff to pay them $800 for the return of her vehicle.

87. Defendants and/or Defendants' agent Baystate converted Plaintiff's vehicle from her when they seized it and held it.

88. Defendants' and/or Defendants' agent Baystate's actions described above were willful and malicious.

## PLAINTIFF'S DAMAGES

89. As a result of Defendants' and Defendants' agent Baystate's violations of the FDCPA and Massachusetts laws and of Defendants' and their agent Baystate's conversion of Plaintiff's vehicle and fraud described above, Plaintiff suffered actual damages, including loss of use of her vehicle, expenses incurred in retrieving her vehicle, embarrassment, humiliation, aggravation, inconvenience, frustration and emotional distress.

90. Defendants and Defendants' agent Baystate intended to cause Plaintiff emotional distress by their actions and conduct described herein.

91. Plaintiff is entitled to her actual damages pursuant to FDCPA § 1692k(a)(1) and M.G.L. ch. 93A § 9(3) and for Defendants' fraud and conversion of Plaintiff's vehicle.

92. Plaintiff is entitled to three times her actual damages pursuant to M.G.L. ch. 93A § 9(3).

93. Plaintiff is also entitled to an award of statutory damages, FDCPA § 1692k(a)(2)(A).

94. Plaintiff is entitled to her costs and attorney's fees pursuant to FDCPA § 1692k(a)(3) and M.G.L. ch. 93A § 9(4).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment for the Plaintiff and against Defendants in the amount of her actual damages, trebling that amount pursuant to M.G.L. ch. 93A § 9(3);

B. Enter judgment for the Plaintiff and against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

C. Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L. ch. 93A § 9(4);

D. Grant such other and further relief as may be just and proper.

Marie LoConte, Plaintiff
by her Attorney,

_____
Yvonne W. Rosmarin  BBO #566428
Law Office of Yvonne W. Rosmarin
58 Medford Street
Arlington, MA 02474
781-648-4040

## JURY DEMAND

Plaintiff demands trial by jury.

_____
Yvonne W. Rosmarin